## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2020, 8:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mack M. Chandler,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 18, 2020<br><br>Court of Appeals Case No.<br>20A-CR-772<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Clayton A. Graham, Judge<br><br>Trial Court Cause No.<br>49G07-1907-CM-29575 |

**Najam, Judge.**

# Statement of the Case

Mack M. Chandler appeals the trial court's imposition of fees and costs after a jury had found him guilty of theft, as a Class A misdemeanor. Chandler raises two issues for our review, namely, whether the trial court erred when it imposed fees and costs without holding an indigency hearing and whether the court erred when it imposed a fee that is not authorized by statute. The State concedes on appeal that the trial court erred in both respects. We also agree, and we reverse and remand with instructions.

# Facts and Procedural History

In July of 2019, Chandler stole a donation box from inside an Indianapolis VA hospital. The State charged him with theft, as a Class A misdemeanor, and a jury found him guilty. At an initial hearing, the court found Chandler indigent and appointed public counsel for him, but the court also found that he was able to pay part of the costs of representation and, pursuant to Indiana Code Section 35-33-7-6, assessed a $50 public-defender fee against Chandler. *See* Appellant's App. Vol. II at 11.

The court sentenced Chandler to 365 days, with all but time served suspended to probation. The court also assessed fees and costs against Chandler in a total amount of $335. Included in that total sum was the original $50 public-defender fee and a $4.00 fee to "Unknown Arresting Agency," i.e., the VA hospital's internal police. The court did not suspend Chandler's obligation to

pay the $335 and also did not hold a hearing to determine Chandler's ability to pay the $335. This appeal ensued.

## Discussion and Decision

[4] Chandler asserts that the trial court abused its discretion when it ordered him to pay the $335 without determining his ability to pay and when it ordered him to pay the $4.00 to an unknown arresting agency, which fee is not authorized by statute. The State agrees with Chandler that the trial court erred in both respects.

[5] When a trial court imposes fees and costs following a defendant's conviction, "it shall conduct a hearing to determine whether the convicted person is indigent." Ind. Code § 33-37-2-3(a) (2020); *see also* I.C. § 35-38-1-18(a). However, the court can postpone the indigency hearing if the court "suspend[s] payment of all or part of the costs until the convicted person has completed all or part of the sentence." I.C. § 33-37-2-3(b); *see also* I.C. § 35-38-1-18(b). Here, there is no dispute that the trial court neither held an indigency hearing nor suspended Chandler's requirement to pay the $335 in fees and costs.

[6] However, at the initial hearing, the court determined that Chandler was able to pay a $50 public-defender fee. Indiana Code Section 35-33-7-6 authorizes the trial court to assess that fee at that time, and the court's final assessment of fees

and costs against Chandler merely restates that obligation.[1]  Accordingly, we conclude that the trial court's order for Chandler to pay $335 in fees and costs is erroneous with the exception of the $50 public-defender fee, which Chandler has an ongoing obligation to pay.

[7]  As for the balance of Chandler's $285 in fees and costs, aside from a flat fee of $120 for criminal costs Indiana Code Section 33-37-4-1(b) authorizes nineteen additional fees that may be imposed by the trial court in certain circumstances. None of those authorized fees includes a fee to an unknown arresting agency. The State concedes that the trial court erred in imposing that $4.00 fee here.

[8]  In sum, with the exception of the $50 public-defender fee, the trial court erred when it ordered Chandler to pay fees and costs without either holding an indigency hearing or suspending Chandler's obligation to pay those fees and costs.  The court further erred when it imposed a fee of $4.00 to an unknown arresting agency.  Accordingly, we reverse the trial court's judgment and remand with instructions for the court to vacate the $4.00 fee and either to hold an indigency hearing or to suspend Chandler's obligation to pay the remaining $281 in fees and costs.[2]

[9]  Reversed and remanded with instructions.

---

[1]  The State does not suggest that the trial court's assessment of the public-defender fee at the initial hearing absolved the court of assessing Chandler's ability to pay the total fees and costs assessed after his conviction.

[2]  Again, the $281 is the $335 in fees and costs less the erroneous $4.00 fee and less Chandler's continuing obligation to pay the $50 public-defender fee.

Bradford, C.J., and Mathias, J., concur.